IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01186-LTB-KMT

MARK A. DULOG,

    Plaintiff,

v.

ROBERT KURTZ, Warden,
ARLENE HICKSON, Asst. Warden,
MICHAEL DAVID, Program Director, and
ROBERT COLBURN, Chaplin,

    Defendants.

___

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
___

**Kathleen M. Tafoya
United States Magistrate Judge**

    This case comes before the court on a review of the file for Plaintiff's failure to respond to the court's order to show cause and failure to prosecute this civil action. On June 20, 2007, plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, without payment of an initial partial filing fee. [Doc. No. 5.] Plaintiff has failed to make the required monthly payment or show cause why he has no assets and no means by which to make the monthly payments for the months of July 2007 through June 2008. On November 6, 2007, this court issued an order directing the plaintiff to, on or before November 29, 2007, make the required monthly payments or show cause why he has no assets and no means by which to make the monthly payments for the months of July, August, September, and October 2007. [Doc. No.

22.] Plaintiff failed to make either the monthly payments or to respond to the show cause order. In addition, Plaintiff has failed to make monthly payments or to submit a certified account statement since then. Moreover, Plaintiff has not had any contact with this court since the November 9, 2007, scheduling conference. [Doc. No. 23.] All mail sent to Plaintiff has been returned as undeliverable since January 9, 2008. [Doc. Nos. 27, 30, 34 and 35.] Plaintiff has failed within the time allowed to pay any of the required monthly payments, to show cause why he is unable to do so, or otherwise to communicate with the court in any way.

Even when a plaintiff is proceeding in a case without an attorney, each plaintiff bears the responsibility of complying with court orders and attending hearings. Since the plaintiff has failed to respond to the order to show cause, the court must consider whether a dismissal pursuant to Fed. R. Civ. P. 41 is appropriate. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2369, at 576-77 & n.1 (3d ed. 2008).

> Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:
>
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides,

> [o]n motion or on its own, the court may issue any just orders, . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or (C) fails to obey a scheduling or other pretrial order.

It is therefore

**RECOMMENDED** that the Prisoner Complaint and the action be dismissed without prejudice for Plaintiff's failure to comply with the court's order and for failure to prosecute.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of June, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge